IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAULA JUNE HEATH                                                              PLAINTIFF

vs.                                      Civil No. 4:18-cv-04018

NANCY A. BERRYHILL                                                            DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Paula June Heath ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her DIB application on March 25, 2015. (Tr. 24). In her application, she alleges being disabled due to degenerative joint disease and fibromyalgia. (Tr. 187). Plaintiff alleges an onset date of July 1, 2011. (Tr. 24). This application was denied initially and again upon reconsideration. (Tr. 78-98).

Plaintiff requested an administrative hearing on her denied application. (Tr. 109-110). This

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

hearing request was granted, and Plaintiff's administrative hearing was held on January 23, 2017 in Shreveport, Louisiana. (Tr. 40-77). At this hearing, Plaintiff was present and was represented by counsel, David Graham. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Thomas testified at this hearing. *Id.*

After this hearing, the ALJ entered an unfavorable decision on her disability application. (Tr. 21-35). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on December 31, 2015. (Tr. 26, Finding 1). The ALJ determined Plaintiff did not engage in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of July 1, 2011 through her date last insured of December 31, 2015. (Tr. 26, Finding 2). The ALJ determined that, through her date last insured, Plaintiff had the following severe combination of impairments: degenerative joint disease of the bilateral hips, osteoarthritis, fibromyalgia, rheumatoid arthritis, status post hysterectomy due to ovarian cancer, and mood disorder. (Tr. 26-27, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27-29, Finding 4).

The ALJ determined Plaintiff had a high school education and was able to communicate in English. (Tr. 34, Finding 8). The ALJ determined Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), on her alleged disability onset date. (Tr. 34, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 29-33, Finding 5). First, the ALJ evaluated Plaintiff' subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

After careful consideration of the entire record, the undersigned finds that, through the

date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Therefore, the claimant had the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk for 6 hours during an 8-hour workday, and sit intermittently during the remaining time. However, claimant can use her upper extremities frequently, but not constantly, to reach, handle, finger and feel; can only occasionally stoop, crouch, crawl, and kneel; cannot climb ladders, ropes, or scaffolds; can only occasionally climb stairs and ramps; is unable to balance on narrow or moving surfaces, but is able to balance occasionally on level surfaces; cannot work in proximity to unprotected heights and dangerous moving machinery; can use foot controls only occasionally; can understand, remember and carry out only short, simple instructions; can perform only simple, routine tasks with no fast-paced, high quota production work; can make only simple work related decisions; can adapt to few, if any, workplace changes, and can tolerate only occasional interaction with co-workers, supervisors, and the general public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"); and determined, through her date last insured, Plaintiff was unable to perform any of her PRW. (Tr. 33, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 34-35, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform work as a housekeeper/cleaner with approximately 306,000 such jobs nationally and as a bottling line attendant with approximately 57,000 such jobs nationally. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from July 1, 2011 (alleged onset date) through December 31, 2015 (her date last insured). (Tr. 35, Finding 11).

Plaintiff sought review with the Appeals Council. On December 11, 2017, the Appeals Council denied this request for review. (Tr. 5-8). On January 29, 2018, Plaintiff filed a Complaint in this matter. ECF No. 1. Both Parties have filed appeal briefs and have consented to the

jurisdiction of this Court. ECF Nos. 8, 13-14. This case is now ready for determination.

2. **<u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See*

4

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13 at 1-12. Although Plaintiff does not raise any specific claims in her briefing, upon review, it appears Plaintiff is only contesting the ALJ's credibility determination. *Id.* Indeed, although Plaintiff also references the hypotheticals given to the VE, those hypotheticals are based upon the ALJ's RFC–and credibility–determination. *Id.* Thus, the Court will only consider this credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20

C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. Indeed, the ALJ considered Plaintiff's subjective complaints, evaluated her medical records, and noted the following inconsistencies in his decision to discount Plaintiff's subjective complaints:

> In spite of her impairments, in a Functional Report, the claimant admitted that she cares for her dog, cares for her personal needs independently, prepares simple meals, washes laundry, drives, and shops in stores (Exhibit 4E; *See* Exhibit 9E). Thus, claimant has described daily activities that are not limited to the extent one would expect given the complaints of disabling symptoms and limitations. Therefore, the undersigned finds that the statements concerning claimant's impairments and the limiting effects through the date last insured are not fully consistent with evidence of record, as a whole.

(Tr. 32). Upon review, the Court cannot find a basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that deference is warranted where the ALJ's credibility determination is supported by good reasons and substantial evidence).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of February 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE